Entered on Docket
December 18, 2013
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: December 16, 2013



_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 12-33537DM
ANTHONY CORTEZ and DEBORAH CORTEZ, )
                                   )
                        Debtor.    ) Chapter 7
_____)
```

MEMORANDUM DECISION ON VALUE OF REAL ESTATE

I. INTRODUCTION

Debtors Anthony Cortez and Deborah Cortez ("Debtors") and judgment creditor City National Bank ("Bank") have stipulated to the court's determination of the value of the Debtors' property (the "Property") in San Mateo, California based upon the competing appraisals they have submitted. The valuation is necessary to resolve Debtors' First Amended Motion To Avoid Judicial Lien under Bankruptcy Code § 522(f) (the "Motion").

Pursuant to that stipulation and Order On Stipulation Of Parties Re Trial By Declaration On First Amended Motion To Avoid Judicial Lien entered on November 26, 2013 (Docket No. 51), Debtors are entitled to an exemption of $100,000 in the Property. As set forth in the Motion, Bank holds a judgment with a lien amount of at least $434,118.31. Senior to that judgment lien and the Debtors' homestead exemption are first and second trust deed

liens held by Wells Fargo Bank in the amount of $313,111.37 and $104,937, respectively. The parties have not presented the court with any information concerning senior tax liens. Therefore, Bank's judgment lien would be avoided in its entirety if the total of the two Wells Fargo Bank's liens and the Debtors' exemption exceed the value of the Property as of the agreed date of December 21, 2012. The judgment lien will survive to the extent the value determined by the court exceeds the total of those two liens plus the exemption.

For the reasons stated below, the court finds the value of the Property to be $540,000 as of December 21, 2012.

II. DISCUSSION[1]

Debtors submitted the declaration of Sepehr Mashhoud ("Mashhoud"); Bank submitted the appraisal of John D. Anderson ("Anderson"). Mr. Anderson, in addition to appraising the Property as of December 21, 2012, filed a supplemental declaration that takes issue with some of Mashhoud's methodology.

The court is persuaded by Anderson's criticism of Mashhoud's approach. Specifically, the variations between the liveable areas of his comparables 1 and 2 and the Property calls into question exactly how "comparable" his comparables really are.

On the other hand, Anderson's comparables all fall within a range of between 15 square feet and 145 square feet of the Property. For that reason the court finds them more reliable.

Mashhoud also relies on a short sale for one of his comparables. While appraisers are permitted to use short sales,

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

the court looks at them with a more skeptical eye than a traditional sale.

Because of the foregoing issues with Mashhoud's approach, the court is more inclined to agree with Anderson. That being said, Mashhoud has made a persuasive showing as to the appropriateness of making some adjustments to the Property's value because of the substandard condition of the foundation. While Anderson discounts the condition as normal for the area, and the $78,860 estimate for foundation work accompanying Mashhoud's appraisal would suggest far more rehabilitative work than is necessary, Mashhoud's downward adjustment of $10,000 seems appropriate.

Based upon the foregoing, therefore, the court believes that Anderson's conclusion that the Property is worth $550,000 should be reduced by the same $10,000 adjustment Mashhoud makes for deferred maintenance.[2]

III. CONCLUSION

Counsel for Debtors should prepare an order granting the Motion in part, and denying it in part, such that the value of the Property is fixed at $540,000 as of December 21, 2012, "for the reasons stated in this Memorandum Decision," and avoiding and preserving the lien of Bank accordingly.

**END OF MEMORANDUM DECISION**

---

[2] One thing the court did note about Anderson's appraisal is that the Property was shown as having a room count of six, with three bedrooms. Both appraisers provided drawings that show plainly that the Property has four bedrooms. If Anderson was miscounting a bedroom when he adjusted his comparable No. 1, the Property would be worth even more; he made no adjustment for comparable No. 2's room count. Had he done so that would have produced an even higher value. The court will not adjust Anderson's figure above his own opinion.