1  JOANNE LAFRENIERE #158011
   1032 Irving Street #975
2  San Francisco, CA 94122
   Telephone: (415) 702-9485
3  j_lafreniere@comcast.net

4  Attorney for Trustee, Janina M. Hoskins

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ANTHONY CORTEZ and DEBORAH CORTEZ<br><br>SSN xxx-xx-2928<br>SSN xxx-xx-9417<br><br>Debtors | Case No. 12-33537 DM<br>Chapter 7 |

**TRUSTEE'S OPPOSITION TO THE DEBTORS' MOTION TO COMPEL ABANDONMENT OF ESTATE'S INTEREST IN TRUST; AND TRUSTEE'S REQUEST FOR HEARING**

TO THE HONORABLE JUDGE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

Janina M. Hoskins ("Trustee"), trustee of the bankruptcy estate (the "Estate") of Anthony and Deborah Cortez (the "Debtors"), opposes the Debtors' Motion (ECF No. 95 et seq.), served September 22, 2014 (ECF No. 97). The Debtors seek an order pursuant to 11 U.S.C §554(b) compelling the abandonment to the Debtors of the Estate's interest in an irrevocable trust established by Anthony Cortez' family, called the *ZETROC Trust, dated October 1, 1990* (the "ZETROC Trust"), because the Debtors assert that the Estate's interest is of inconsequential value to the Estate. The Trustee opposes on the grounds that the Debtors' Motion itself demonstrates that the interest has more than inconsequential value; or in the alternative, that discovery is needed, and an evidentiary hearing should be set.

-1-

**DISCUSSION**

A. IT IS UNDISPUTED THAT THE ESTATE HAS AN INTEREST IN THE TRUST.

The ZETROC Trust is an irrevocable intervivos trust established by the family of debtor Anthony Cortez. The Debtors concede that the Estate has an interest in the ZETROC Trust based on Anthony Cortez' interest as a beneficiary. The facts are similar to a Ninth Circuit case also centering on a *irrevocable* intervivos trust, *In re Neuton*, 933 F.2d 1379 (9th Cir. 1990). The debtor's interest in *Neuton* was a contingent interest as a secondary beneficiary in a funded intervivos trust that was no longer revocable because of the pre-petition death of the trustor. The debtor therein had listed an interest in the trust in an unknown amount, and had claimed exempt $1,135 in "other assets." The trustee in *Neuton* objected to the debtor's exemption of the trust distributions of any funds beyond the $1,135. The Ninth Circuit held that the debtor's interest in the trust entered the estate under §541(a)(1), because at the time of the filing of the petition, debtor had a contingent beneficial interest. *Neuton* at 1382. The fact that an interest is unvested in the debtor and contingent at the time of the petition does not prevent the interest from inclusion in the bankruptcy estate. *Neuton* at 1382-3.

Applying *Neuton* to this case, Anthony Cortez' interest in the ZETROC Trust at the time of the filing of the bankruptcy case is vested as to at least a 1/13th interest, contingent upon Anthony Cortez surviving his mother; and thus would enter the Estate, subject to any valid spendthrift clause. Also, because the interest in the ZETROC Trust is a contingent interest, its amount is not yet ascertained, not only because the distribution date of the interest is not yet known (the trust is to terminate and to be distributed upon the death of Juana Cortez), but also because Anthony Cortez' share may increase (for example, under the terms of the trust, his mother, Juana Cortez, may designate her 2/13th interest to any of the other beneficiaries in any proportion she chooses - including pro rata among them; also should any of the sibling-beneficiaries die before Juana, the deceased sibling's share is divided among the surviving siblings). Anthony Cortez' interest in the trust will not be smaller than 1/13th and could be larger than 1/13th, but it is contingent upon him surviving his mother.

## B. THE ESTATE'S INTEREST IS NOT INCONSEQUENTIAL, AND SHOULD NOT BE ORDERED ABANDONED.

Under 11 U.S.C. §554(b), in order to obtain an order compelling abandonment, the property must be of inconsequential value or burdensome to the Estate. A party moving for abandonment of an asset has the burden of proof if the motion is opposed. *In re Pilz Compact Disc*, 229 B.R. 630 (Bankr E.D. Pa. 1999). Here, the Debtors' own motion acknowledges an estimated current value of about $56,539 for a 1/13th interest in the Zetroc Trust, based on an appraisal the Debtors recently obtained. The sum of $56,539 is not inconsequential.

Although the Debtors assert that the interest in the trust is protected by a "spendthrift" provision, which would limit the availability of the interest to creditors (and the Estate), the background and the trust provisions are not typical of spendthrift clauses in several ways. First, Anthony Cortez is a "trustor," *and a* "trustee," *and a* "beneficiary" under the terms of the trust. Also, the ZETROC Trust at section 4.5 states:

> "No interest in the principal or income of any interest created under this agreement shall be anticipated, assigned, encumbered or subject to any creditor's claim or legal process prior to its actual receipt by the beneficiary, and no transfer of any trust interest shall be valid *unless specifically authorized by this agreement*. Should a court of competent jurisdiction find that any Trustor's Percentage Interest in the Trust is subject to attachment, assignment, or encumbrance in any manner or for any reason, the Trustee shall have an option to purchase the said interest, based upon its net fair market value as determines pursuant to Section 3.1 . . ." See ECF No.95-5, Exhibit "C" (emphasis added).

Anthony also was on title individually for 3% of the real property that makes up the corpus of the trust, before he transferred it to the trust. It is not clear that the spendthrift provisions apply to Anthony's interest under these facts, whether in full or as to 3%.[1] Moreover, the terms of the spendthrift provision seem to apply only to involuntary transfers, but permits certain voluntary transfers, despite the California statute requiring language for a valid spendthrift provision that

---

[1] Cal. Probate Code section 15304 provides: "(a) If the settlor is a beneficiary of a trust created by the settlor and the settlor's interest is subject to a provision restraining the voluntary or involuntary transfer of the settlor's interest, the restraint is invalid against transferees or creditors of the settlor. The invalidity of the restraint on transfer does not affect the validity of the trust."

limits voluntary and involuntary transfers of the beneficiaries' interest.[2]

However, assuming, without admitting, that the ZETROC Trust is subject to a valid spendthrift provision, the entire interest is not protected under California law. Under California Probate Code §15306.5, up to 25% of the interest is removed from "traditional spendthrift status." *Neuton* at 1383. The Debtors suggest based on the appraisal they obtained, that the current value of 25% of the interest would be about $14,423. The sum of $14,423 also is not inconsequential. While the Trustee believes that the Debtors' valuation is low, even the Debtors' figures demonstrate that the interest has more than inconsequential value. The Trustee reserves the right to seek a valuation later, but does not wish to add to the Estate's expenses to obtain a valuation now, when an exact current value of the interest is not necessary to show that the interest has value to the Estate.

C. THE DEBTORS HAVE SCHEDULED NO EXEMPTION IN THE INTEREST, AND THE EXEMPTION ISSUE IS PREMATURE.

The Debtors also assert that all amounts representing Anthony Cortez' share of the ZETROC Trust are necessary for the support of the Debtors and their dependants. This issue is not ripe because the Debtors have not scheduled any claim of exemption in the interest in the ZETROC Trust.

If the Debtors do amend their schedules to claim an exemption in the ZETROC Trust interest, their exemption rights are determined as of the facts existing at the time their petition was filed. *In re Kim*, 257 B.R. 680, 685 (9th Cir. BAP 2000). (The Trustee also may make a timely objection to an amended exemption.) In general, post-petition events are not applicable to the determination of the validity of a claimed exemption. *Id.*, at 686. Moreover, even if a California statute allows a court in its discretion to consider changed circumstances, it is not mandatory, and such a provision may be pre-empted by bankruptcy law if there is a conflict. *Id.*,

---

[2] Probate Code section 15301(a) provides: "Except as provided in subdivision (b) and in Sections 15304 to 15307, inclusive, if the trust instrument provides that a beneficiary's interest in principal is not subject to voluntary or involuntary transfer, the beneficiary's interest in principal may not be transferred and is not subject to enforcement of a money judgment until paid to the beneficiary."

at 686-687. Thus, the Debtors' argument that the entire interest is "reasonably necessary" for the family's support is premature, and cannot be entertained at this time.[3]

### **CONCLUSION**

For the reasons set forth above, the Trustee opposes the Motion, and requests a hearing on the Debtors' motion to compel abandonment of the interest in the ZETROC Trust, and urges that at hearing, the motion should be denied.

In the alternative, the Trustee requests that a discovery schedule and an evidentiary hearing should be set.

DATED:   This 14th day of October, 2014.


    /s Joanne LaFreniere
JOANNE LAFRENIERE,
Attorney for Trustee, Janina M. Hoskins

---

[3] Anthony Cortez states in his declaration that to avoid becoming homeless, the Debtors were "required" to buy out the equity in the residence (ECF No. 95-2, p.4). But in fact, the Debtors voluntarily agreed to a compromise because they preferred to keep their residence, instead of a sale of the property by the Trustee from which they would have been entitled to a homestead exemption. There was a dispute as to correct amount of the exemption - either $100,000 or $175,000 - but they would have received an exemption amount from the proceeds, and they were not "required" to purchase the equity.